# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | CASE NO. 1:05-CV-0790-OWW-DLB-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| REED, et al., | |
| Defendants. | |

I.  Screening Order

  A.  Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

1

506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      B.      Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at California Correctional Instituion, where plaintiff was previously incarcerated. Plaintiff names numerous CCI officers as defendants. Plaintiff is seeking monetary damages.

Plaintiff alleges that in September 2002, during a dispute with officers regarding whether or not plaintiff put fecal matter on the ground outside of his cell, an officer picked up the fecal matter with a dust pan and threw it at plaintiff. Plaintiff alleges that a few days later, another officer threw urine on plaintiff. Plaintiff alleges that on both occasions, he had no means to clean himself off except for water from his sink.

      C.      Discussion

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes

> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations are insufficient to give rise to any claims for relief against the named defendants because he has failed to link each named defendant with specific conduct which he alleges violated his constitutional rights. Plaintiff's broad allegations are not sufficient to put each defendant on notice of the act or omissions which plaintiff alleges violated his constitutional rights under the Eighth Amendment.

D.  Conclusion

The court finds that plaintiff has failed to state any cognizable claims for relief against the named defendants. The Court will provide plaintiff the opportunity to file an amended complaint

1   to make more specific allegations against each named defendant, if plaintiff wishes to do so.

2   In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule
3   15-220 requires that an amended complaint be complete in itself without reference to any prior
4   pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux
5   v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
6   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
7   original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
9   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,
10  625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named
11  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
12  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.
13  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
14  588 F.2d 740, 743 (9th Cir. 1978).

15  Plaintiff is also advised that under section 1983, liability may not be imposed on supervisory
16  personnel for the actions of their employees under a theory of respondeat superior.  When the named
17  defendant holds a supervisorial position, the causal link between the defendant and the claimed
18  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th
19  Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).
20  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some
21  facts indicating that the defendant either: personally participated in the alleged deprivation of
22  constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or
23  "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and
24  is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir.
25  1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although
26  federal pleading standards are broad, some facts must be alleged to support claims under section
27  1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

28  Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed for failure to state any claims upon which relief can be granted;
2.     The Clerk's Office shall send plaintiff a civil rights complaint form;
3.     Within **thirty (30) days** from the date of service of this order, plaintiff must file an amended complaint curing the deficiencies identified by the court in this order, and
4.     If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:    **April 3, 2007**                **/s/ Dennis L. Beck**
3c0hj8                                               UNITED STATES MAGISTRATE JUDGE