# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | CASE NO. 1:05-cv-00790-OWW-DLB (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | (Doc. 9) |
| REED, et al., | |
| Defendants. | |

I.  Order

    A.  Procedural History

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 16, 2005, plaintiff filed this action.  On April 5, 2007, the court issued an order dismissing plaintiff's complaint for failure to state claims upon which relief could be granted and providing direction for plaintiff's use in filing an amended complaint.  Plaintiff filed an amended complaint on April 23, 2007.

    B.  Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

        C.        Plaintiff's Amended Complaint

In his amended complaint,[1] plaintiff names seventy five (75) CCI officers, Jane Doe 1-5, and John Doe 1-20 as defendants. Plaintiff is seeking monetary damages.

Plaintiff alleges that between September 9, 2002 and September 15, 2002, plaintiff suffered "unprovoked exposure to bodily wastes in several incidents." Plaintiff alleges that all seventy five named defendants (along with all Jane Does and all John Does) "either had assaulted plaintiff without provocation, or was aware of defendants actions but failed to intervene to prevent assault ..." and that it was "... during these incidents of force that fecal matter and urine was thrown onto plaintiff while he was secured inside a cell posing no threat whatsoever ..." and that he had no "... means to decontaminate himself except for water from the cell sink." Doc. 9, pp. 5-6.

Plaintiff also generally alleges a denial of medical care. Doc. 9, pg. 6.

Plaintiff's amended complaint suffers from a number of deficiencies which now require dismissal with prejudice.

        D.        Plaintiff's Claims

            1.        Linkage

The Civil Rights Act under which this action was filed provides:

---

[1] Plaintiff was advised in the court's April 3, 2007 order dismissing with leave to amend, that Local Rule 15-220 requires that an amended complaint be complete in itself, and that in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain ...." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations are insufficient to give rise to any claims for relief against the named defendants because he has failed to link any of the named defendants with specific conduct which he alleges violated his constitutional rights. Plaintiff's broad allegations are not sufficient to put each defendant on notice of the act or omissions which plaintiff alleges violated his constitutional rights under the Eighth Amendment.

    2.    <u>Medical Care</u>

1    To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
2 conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman,
3 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the
4 level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of
5 the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with
6 deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)
7 (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison
8 official does not act in a deliberately indifferent manner unless the official "knows of and
9 disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834
10 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or
11 intentionally interfere with medical treatment," or in the manner "in which prison physicians
12 provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on
13 other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).
14 Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to
15 further harm in order for the prisoner to make a claim of deliberate indifference to serious
16 medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison
17 Commr's, 766 F.2d 404, 407 (9th Cir. 1985)).
18    Plaintiff has not alleged any facts which would support a claim that any of the named
19 defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer,
20 511 U.S. at 837. "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060.
21 "Under this standard, the prison official must not only 'be aware of the facts from which the
22 inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also
23 draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should
24 have been aware of the risk, but was not, then the official has not violated the Eighth
25 Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe,
26 Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a
27 prisoner-patient and prison medical authorities regarding treatment does not give rise to a section
28 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation

omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff has failed to show that any of the named defendants either chose a course of treatment that was medically unacceptable under the circumstances, or denied him necessary medical care; and that such course was chosen in conscious disregard of an excessive risk to plaintiff's health, or that such course caused him further harm.

### 3. Unnamed Defendants

Plaintiff names "Jane Doe 1 - 5" and "John Doe 1-20" as defendants.  However, plaintiff has not specifically identified them or alleged any facts against them that give rise to a claim for relief under section 1983. The Civil Rights Act under which this action was filed provides :

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.  42 U.S.C. § 1983. ...

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has neither specifically named the "Jane Does 1 - 5" and "John Doe 1-20," nor indicated an affirmative act by any of them which violated plaintiff's rights.

///

## II.  Conclusion

Plaintiff's complaint does not state any claims upon which relief may be granted under section 1983.  The court will provide plaintiff with the opportunity to file an amended complaint,

if plaintiff wishes to do so.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). ***The court reminds plaintiff that he must be specific enough in his allegations for each defendant to be able to readily understand what wrongful acts plaintiff feels each defendant committed. Plaintiff must specifically state the wrongful acts engaged in by each defendant – i.e. show who did what.***

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must file a second amended complaint curing the deficiencies identified by the court in this order; and
3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **February 5, 2008**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE