# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | CASE NO. 1:05-cv-00790-OWW-SKO PC |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL |
| v. | (Doc. 31) |
| REED, et al., | |
| Defendants. | |

Plaintiff Carlos Hendon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 19, 2010, Plaintiff filed a motion to compel. (Doc. #31.)

Plaintiff alleges that he "filed a request for production of documents pursuant to Rule 34" on September 10, 2009. It is unclear whether Plaintiff attempted to file his request with the Court, or whether he served his request on Defendants. Plaintiff is advised that discovery requests are served directly on the Defendants; they are not filed with the Court. Discovery requests are self-executing and do not require Court intervention unless there is a discovery dispute that cannot be resolved without Court intervention. Accordingly, Plaintiff is advised not to file discovery requests with the Court unless the Court requests Plaintiff to do so, or the discovery requests are filed with the Court as an attachment to a motion to compel.

Plaintiff is required to include certification that he has made a good faith effort to meet and confer with Defendants in an effort to obtain the discovery requests without court action. Federal Rule of Civil Procedure 37(a)(1). Plaintiff claims that he "has attempted without success to

1

persuade the defendants to turn over the requested materials without resorting to a motion to compel." However, Plaintiff fails to provide any details regarding his attempts to meet and confer with Defendants.  Plaintiff does not specify how he attempted to contact Defendants, when he attempted to contact Defendants, whether Defendants responded, or how the Defendants responded.

Plaintiff has not attached his request for production of documents to his motion.  Further, it is unclear whether Defendants failed to respond to Plaintiff's request, or whether Defendants responded to Plaintiff's request but objected to the production of documents.  Defendants have not filed an opposition to Plaintiff's motion.  However, the Court notes that Plaintiff's motion does not contain a certificate of service, raising questions as to whether Defendants have been properly served with a copy of Plaintiff's motion.  See Federal Rule of Civil Procedure 5(d).

Plaintiff's motion to compel will be denied.  If Defendants fail to respond to Plaintiff's request for production of documents, Plaintiff may re-file a motion to compel that indicates that Defendants have not responded to Plaintiff's request.  Plaintiff must include a copy of the request for production of documents in his motion to compel and must include a certification that describes, in detail, Plaintiff's efforts to meet and confer with Defendants.

If Defendants have responded to Plaintiff's request for production of documents, but have objected to Plaintiff's request rather than provide the documents, Plaintiff is advised that he must file a motion to compel that: 1) includes a certification that Plaintiff has made a good faith effort to meet and confer with Defendants regarding the discovery dispute in accordance with Federal Rule of Civil Procedure 37(a)(1);  2) includes a copy of Plaintiff's request for production of documents; 3) specifically and individually identifies each request in dispute; and  4) specifically and individually addresses why the Defendants' objection to that request is not justified.  Plaintiff may not simply file a vague motion to compel that fails to identify which documents Plaintiff is asking the Court to compel Defendants to produce.

Plaintiff is further advised that he must serve Defendants with a copy of any motion to compel pursuant to Federal Rule of Civil Procedure 5 and include a certificate of service with his motion as required by Rule 5(d).

///

Accordingly, Plaintiff's January 19, 2010 motion to compel is DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:   May 3, 2010**               /s/ Sheila K. Oberto
                               UNITED STATES MAGISTRATE JUDGE