1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9  CARLOS HENDON,                                  CASE NO. 1:05-cv-00790-OWW-SKO PC

10                          Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                                   RECOMMENDING THAT DEFENDANTS'
11        v.                                       MOTION FOR SUMMARY JUDGMENT BE
                                                   GRANTED
12  REED, et al.,
                                                   (Doc. 36)
13                          Defendants.
                                                   OBJECTIONS DUE WITHIN 30 DAYS
14
   _____/
15

16        Plaintiff Carlos Hendon ("Plaintiff") is a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 9, 2010, Defendants Julie

18  Brimage, Granillo, and Lopez ("Defendants") filed a motion for summary judgment.  (Doc. #36.)

19  **I.      Background**

20        **A.      Plaintiff's Claims**

21        This action proceeds on Plaintiff's February 25, 2008, amended complaint.  (Doc. #11.)

22  Plaintiff claims that his constitutional rights were violated when correctional officers threw feces and

23  urine at Plaintiff.  Plaintiff claims that Defendant Granillo threw a dust pan full of feces on Plaintiff,

24  striking him in the face and torso while he was secured in his cell on September 9, 2002.  Plaintiff

25  also claims that Defendant Lopez threw a cup full of urine on Plaintiff while he was in his cell on

26  September 15, 2002.  Plaintiff claims that Defendant Julie Brimage was present during both

27  incidents and took no action to prevent the incidents from occurring.  Plaintiff raises claims under

28  Section 1983 for the violation of Plaintiff's Eighth Amendment rights, as well as state law claims

1   for assault, battery, and negligence.

2   **B.    Defendants' Motion for Summary Judgment**

3   Defendants contend that they are entitled to summary judgment because 1) Defendants did

4   not violate Plaintiff's Eighth Amendment rights, 2) Plaintiff failed to comply with the California Tort

5   Claims Act prior to filing suit, 3) Plaintiff failed to exhaust his administrative remedies prior to filing

6   suit, 4) Plaintiff cannot recover damages for his emotional injuries because he did not suffer a

7   cognizable physical injury, and 5) Defendants are entitled to qualified immunity.

8   Defendants argue that they did not violate Plaintiff's Eighth Amendment rights because their

9   actions did not involve the unnecessary and wanton infliction of pain and Plaintiff's injuries were

10  de minimis.  Defendants argue that even assuming Plaintiff's allegations are true, the act of throwing

11  feces or urine at an inmate does not amount to a serious deprivation or cause a serious injury.

12  Defendants also contend that Plaintiff's allegations are not believable in light of the undisputed facts.

13  Defendants challenge Plaintiff's contention that Defendant Granillo picked up Plaintiff's feces and

14  threw it through a small opening in Plaintiff's food port and struck Plaintiff in the chest.

15  Defendant Brimage contends he did not violate Plaintiff's Eighth Amendment rights because

16  she did not participate in the alleged incidents and did not have a reasonable opportunity to prevent

17  the incidents from occurring.

18  Defendants also that argue that summary judgment is proper because Plaintiff failed to

19  comply with the requirements of the California Tort Claims Act, which requires a claimant to file

20  his claim within two years from the date the cause of action accrued.  Defendants claim Plaintiff's

21  state law claims are untimely because they were filed beyond the two year limitations period.

22  Defendants argue summary judgment is proper because Plaintiff failed to exhaust his

23  administrative remedies prior to filing suit.  Defendants contend that Plaintiff did not file any

24  grievances concerning the conduct alleged in his complaint.

25  Defendants argue that Plaintiff cannot recover any compensatory damages for emotional

26  harm because he did not suffer substantial physical injury.  Defendants contend that 42 U.S.C.

27  § 1997(e) requires a prisoner to first demonstrate physical injury prior to recovering damages for

28  emotional injuries.  Under Section 1997(e), a plaintiff must demonstrate physical injuries that are

1  more than de minimis.  Defendants argue that Plaintiff's physical injuries are not more than de

2  minimis because the medical staff did not find anything wrong with Plaintiff.  Defendants also argue

3  that Plaintiff cannot recover damages for his post traumatic stress disorder because Plaintiff admits

4  that no doctor has connected his disorder with the incidents alleged in this case.

5  　　　Finally, Defendants argue that they are entitled to qualified immunity.  Defendants contend

6  that they did not violate Plaintiff's constitutional rights.  Defendants further contend that even if they

7  violated Plaintiff's constitutional rights, the law was not clearly established.

8  　　　Plaintiff filed an opposition to Defendants' motion for summary judgment.  Plaintiff argues

9  that Defendants' actions do rise to the level of an Eighth Amendment violation.  Plaintiff also argues

10 that Defendants failed to file a motion to dismiss regarding Plaintiff's failure to exhaust within the

11 time limit set forth in the Court's scheduling order.  Plaintiff contends that Defendants are not

12 entitled to qualified immunity because Defendants could not have reasonably believed that their

13 conduct was constitutional in light of existing Eighth Amendment case law.

14 **II.**　**Summary Judgment Legal Standards**

15 　　　Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the

16 movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

17 judgment as a matter of law."  Federal Rule of Civil Procedure 56(a).  "[A] party seeking summary

18 judgment always bears the initial responsibility of informing the district court of the basis for its

19 motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and

20 admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence

21 of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

22 　　　Entry of summary judgment is appropriate "against a party who fails to make a showing

23 sufficient to establish the existence of an element essential to that party's case, and on which that

24 party will bear the burden of proof at trial."  Id. at 322.　"A moving party without the ultimate

25 burden of persuasion at trial-usually, but not always, a defendant has both the initial burden of

26 production and the ultimate burden of persuasion on a motion for summary judgment."  Nissan Fire

27 & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).  "In order to carry

28 its burden of production, the moving party must either produce evidence negating an essential

1    element of the nonmoving party's claim or defense or show that the nonmoving party does not have

2    enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  Id.

3        If the moving party meets its initial responsibility, the burden then shifts to the opposing

4    party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec.

5    Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence

6    of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is

7    required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery

8    material, in support of its contention that the dispute exists.  Federal Rule of Civil Procedure 56(c);

9    Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention

10   is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson

11   v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors

12   Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such

13   that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers,

14   Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

15       To establish the existence of a factual dispute, the opposing party need not establish a

16   material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be

17   shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W.

18   Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings

19   and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475

20   U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

21       In resolving the summary judgment motion, the Court examines the pleadings, depositions,

22   answers to interrogatories, and admissions on file, together with the affidavits, if any.  Federal Rule

23   of Civil Procedure 56(c).  The evidence of the opposing party is to be believed, Anderson, 477 U.S.

24   at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must

25   be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v.

26   Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam).  Nevertheless, inferences are not drawn out

27   of the air, and it is the opposing party's obligation to produce a factual predicate from which the

28

1  inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal.

2  1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

3        Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show

4  that there is some metaphysical doubt as to the material facts.  Where the record taken as a whole

5  could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

6  trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

7  **III.**  **Discussion**

8       **A.**      **Applicability of 42 U.S.C. § 1997e(e)**

9        Defendants argue that Plaintiff's claims for compensatory damages are barred by 42 U.S.C.

10  § 1997e(e).  Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner

11  confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while

12  in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Section 1997e(e)

13  prohibits the recovery of compensatory damages for mental or emotional injuries unless the prisoner

14  has suffered a physical injury that is more than de minimis.  Oliver v. Keller, 289 F.3d 623, 626-28

15  (9th Cir. 2002).  In Oliver, the Court reasoned that a prisoner's back and leg pain from sitting and

16  sleeping on the bench and floor of a temporary cell was merely de minimis injury.  In Pierce v.

17  County of Orange, 526 F.3d 1190, 1224 (9th Cir. 2008), the Ninth Circuit determined that bed sores

18  and bladder infections were more than de minimis.

19        Here, Plaintiff alleged that his own feces were thrown at him, striking him in the face and

20  torso and a cup of urine was splashed on the back of his head and his back while he was inside his

21  cell.  Plaintiff alleges that he "suffered pain, and stinging sensations in the eyes, on the face and skin

22  and he now suffers from Post Traumatic Stress Disorder." (Am. Compl. 4, ECF No. 11.)  During

23  his deposition, Plaintiff indicated that the allegations of stinging sensations in his eyes was "a typo"

24  and he just had a "stinging sensation" on his skin.  (Defs.' Statement of Undisputed Facts Ex F, at

25  56:1-17, ECF No. 37.)  Plaintiff has failed to submit any evidence suggesting that his physical

26  injuries were more than de minimis.  Accordingly, the Court finds that the extent of Plaintiff's

27  physical injuries are comparable to the injuries in Oliver, and are therefore de minimis within the

28  meaning of Section 1997e(e). Therefore, Plaintiff's claims for compensatory damages for his mental

1  or emotional injuries are barred. However, Plaintiff may proceed on his claims for punitive damages

2  and may proceed on any claims for nominal damages, even though they are not expressly requested.

3  See Oliver, 289 F.3d at 630.

4              **B.      Exhaustion of Administrative Remedies**

5          On August 18, 2009, the Court issued a scheduling order requiring motions to dismiss

6  regarding the failure to exhaust administrative remedies to be filed by October 18, 2009.

7  Defendants' motion for summary judgment was filed on July 9, 2010, long past the deadline.

8  Defendants have not replied to Plaintiff's arguments regarding the untimeliness of their motion. The

9  Court finds that Defendants may not circumvent the deadline set forth in the scheduling order by

10 raising their exhaustion arguments in a motion for summary judgment rather than a motion to

11 dismiss pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b). See Wyatt

12 v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) ("the failure to exhaust nonjudicial remedies that

13 are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated

14 Rule 12(b) motion rather than a motion for summary judgment.") Accordingly, Defendants'

15 arguments regarding Plaintiff's failure to exhaust are untimely and will be disregarded.

16             **C.      Compliance With California Tort Claims Act/Statute of Limitations**

17         Defendants argue that Plaintiff's state law tort claims are untimely because they were not

18 filed within the applicable statute of limitations period.  Defendants argue that the relevant

19 limitations period is governed by the California Tort Claims Act.

20         California's Tort Claims Act requires that a tort claim against a public entity or its employees

21 be presented to the California Victim Compensation and Government Claims Board, formerly known

22 as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Govt.

23 Code §§ 911.2, 945.4.  Defendants argue that a claim before the State Board of Control is deemed

24 rejected if the Board fails to act on the claim within 45 days.  Cal. Govt. Code § 912.4.  If a plaintiff

25 does not receive written notice of rejection, he must file his lawsuit within two years from the date

26 his claim accrued.  Cal. Govt. Code § 945.6.

27 ///

28 ///

Defendants contend that Plaintiff's claims accrued on September 9, 2002 – the date of the alleged wrongful acts.[1]  Plaintiff initiated this lawsuit on June 16, 2005.  Defendants contend that Plaintiff's state law claims are untimely.

Plaintiff's claims accrued on September 9, 2002 and September 15, 2002.  California Government Code § 945.6 requires Plaintiff's state law claims to be filed within two years of those dates.  Plaintiff's state law claims were filed on June 16, 2005.  Plaintiff's opposition raised no arguments with respect to the application of the statute of limitations to his state law claims.  Plaintiff's failure to respond to Defendants' arguments in his opposition constitutes a waiver of those issues.  See Shakur v. Schriro, 514 F.3d 878, 892 (9th Cir. 2008) ("a plaintiff has 'abandoned . . . claims by not raising them in opposition to [the defendant's] motion for summary judgment.'") (quoting Jenkins v. City of Riverside, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)); Doe v. Dickenson, 615 F. Supp. 2d 1002, 1010 (D. Ariz. 2009) ("Plaintiffs do not even respond to the City's arguments under this prong, and thus they are deemed to have waived the issue."); Foster v. City of Fresno, 392 F. Supp. 2d 1140, 1147 n.7 (E.D. Cal. 2005) ("At any rate, failure of a party to address a claim in an opposition to a motion for summary judgment may constitute waiver of that claim.").

Accordingly, the Court finds that Plaintiff's state law claims are untimely.  Plaintiff's state law claims will be dismissed.

### D.    Sufficiency of Plaintiff's Evidence

Defendants argue that Plaintiff's allegations and evidence are insufficient to support an Eighth Amendment claim.

### 1.    Eighth Amendment Legal Standards

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective

---

[1] The urine incident occurred on September 15, 2002, according to the allegations in Plaintiff's complaint.

1    requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan,

2    511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

3        The objective requirement that the deprivation be "sufficiently serious" is met where the

4    prison official's act or omission results in the denial of "the minimal civilized measure of life's

5    necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective

6    "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate

7    indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official

8    acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate

9    health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference

10   could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

11   Id.

12       Where prison officials are accused of using excessive physical force, the issue is "'whether

13   force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

14   sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers,

15   475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of

16   force, the relationship between the need and the amount of force that was used and the extent of the

17   injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat

18   to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis

19   of the facts known to them, and any efforts made to temper the severity of a forceful response. Id.

20   The infliction of pain in the course of a prison security measure "does not amount to cruel and

21   unusual punishment simply because it may appear in retrospect that the degree of force authorized

22   or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be

23   accorded wide-ranging deference in the adoption and execution of policies and practices that in their

24   judgment are needed to preserve internal order and discipline and to maintain institutional security."

25   Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

26       **2.   De Minimis Uses of Force**

27       Defendants argue that Plaintiff's claims are insufficient because Plaintiff has only suffered

28   de minimis injuries. While Plaintiff may have demonstrated only de minimis injuries, the nature or

8

extent of his injuries is not the central inquiry for his Eighth Amendment claims.  "In the excessive force context, society's expectations are different.  When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated.  This is true whether or not significant injury is evident."  Hudson, 503 U.S. at 9 (internal citations omitted).

The relevant inquiry is not whether Plaintiff's injuries are de minimis, but whether the use of force was de minimis.  This contrasts with the inquiry under Section 1997e(e), which asks whether the injury was de minimis.  See Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) ("Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts.").  The Supreme Court has also suggested that even the de minimis use of force violates that Eighth Amendment when it is "of a sort 'repugnant to the conscience of mankind.'"  Id. at 10 (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)) ("The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'") (emphasis added).  Accordingly, the Court must determine whether Defendants maliciously and sadistically used force to cause harm and the amount of force used was more than de minimis.  If the amount of force used was de minimis, the Court must ask whether the use of force was of a sort repugnant to the conscience of mankind.

There is no dispute that the act of throwing fecal matter and a cup of urine at Plaintiff was in no way a good-faith effort to maintain or restore discipline.  Given the nature of the acts, it is clear that Defendants's subjective intentions were malicious.  The only question is whether the acts were a de minimis use of force more akin to mere "push or shove" that would not support an Eighth Amendment claim, Wilkins, 130 S. Ct. at 1178, or whether the acts were more akin to punches, kicks, and assaults that are clearly more than de minimis.  Alternatively, the facts may support a claim under the Eighth Amendment if Defendants' conduct was "of a sort repugnant to the conscience of mankind."

In Tafari v. McCarthy, 714 F. Supp. 2d 317 (N.D.N.Y. 2010), a district court held that an officer's act of throwing urine and feces on a sleeping inmate was a de minimis use of force and was not conduct considered to be "repugnant to the conscience of mankind."  The court reasoned that the

1    absence of injury was not the central inquiry, but was relevant to determine whether the extent of the

2    use of force was de minimis.  The court also reasoned that "[t]his conduct, while certainly repulsive,

3    is not sufficiently severe to be considered 'repugnant to the conscience of mankind.'" Id. at 341.

4           In Fackler v. Dillard, No. 06-10466, 2006 WL 2404498 (E.D. Mich. Aug. 16, 2006), a district

5    court concluded that "[t]hrowing a small (allegedly four ounce) cup of urine through an inmate's

6    food slot resulting in urine splashing on the inmate undoubtedly constitutes a de minimis use of

7    force."  The court concluded "while such conduct by a prison guard would be wholly improper and

8    devoid of any legitimate penological purpose, it 'is not of a sort repugnant to the conscience of

9    mankind.'" Id. at *3.

10          Defendants cite Samuels v. Hawkins, 157 F.3d 557 (8th Cir. 1998) in support of their motion

11   for summary judgment, which is not directly on point.  In Samuels, the plaintiff allegedly threw a

12   cup of liquid, identified as urine, at the defendant.  The plaintiff was placed in restraints and the

13   defendant later approached the plaintiff and threw a cup of liquid at him.  Defendants claim that

14   Samuels is controlling because the plaintiff had claimed that urine was thrown at him.  However, the

15   Eighth Circuit explicitly reasoned that "there is no evidence the substance was anything but water,"

16   and concluded that the act of throwing a cup of water at the plaintiff was a de minimis use of force.

17   Id. at 558.

18           The Court finds that Defendants' alleged actions in throwing a dust pan full of feces on

19   Plaintiff which struck him in the face and torso, and throwing urine at him while he was in his cell

20   is conduct that is "repugnant to the conscience of mankind" and violates the Eighth Amendment.[2]

21   Such conduct is completely devoid of any penological purpose.  Such actions are clearly wanton and

22   malicious, and serve no purpose other than to cause anguish and embarrassment.  The Court also

23   notes that Plaintiff alleges that he suffered significant emotional injury from Defendants' actions.

24   Accordingly, the Court finds that Defendants' actions are constitutionally unacceptable and Plaintiff

25   has sufficient evidence to support a claim against Defendants for violating his rights under the Eighth

26   Amendment.

27

28        [2] The Court disagrees with the reasoning of the Courts in Tafari and Fackler which are not controlling in
     this circuit.

10

### E.    <u>Qualified Immunity</u>

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>Pearson v. Callahan</u>, 129 S. Ct. 808, 815 (2009) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)).  "The protection of qualified immunity applies regardless of whether the government official's error 'is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'"  <u>Id.</u> (quoting <u>Groh v. Ramirez</u>, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)).  Questions regarding qualified immunity should be resolved at the earliest possible stage in litigation because qualified immunity serves as an immunity from suit rather than a mere defense to liability.  <u>Id.</u>

In <u>Saucier v. Katz</u>, 533 U.S. 194 (2001), the Supreme Court mandated a two-step sequence for resolving claims of qualified immunity.  First, a court must decide whether the facts alleged by a plaintiff set forth a violation of a constitutional right.  <u>Saucier</u>, 533 U.S. at 201.  Second, if the plaintiff has satisfied the first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct.  <u>Id.</u>  If the defendant did not violate a clearly established constitutional right, the defendant is entitled to qualified immunity from plaintiff's claims.  <u>Pearson</u>, 129 S. Ct. at 816 (citing <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987)).  However, the Supreme Court has since held that the <u>Saucier</u> sequence is not mandatory in all cases and courts may resolve the "clearly established" question first when the <u>Saucier</u> sequence would result in a "substantial expenditure of scarce judicial resources on difficult questions that have no effect on the outcome of the case."  <u>Id.</u> at 818.

The Court has already concluded that the facts support a violation of a constitutional right.  <u>See</u> discussion <u>supra</u> Part III.D.  However, the Court finds that Defendants are entitled to qualified immunity because the right at issue was not clearly established at the time of Defendants' actions.

Plaintiff argues that the right at issue was clearly established by <u>Hudson</u> and <u>Treats v. Morgan</u>, 308 F.3d 868 (8th Cir. 2002).  <u>Hudson</u> concerned the use of excessive force against an inmate.  In <u>Hudson</u>, the Supreme Court concluded that the use of excessive force against a prisoner may constitute cruel and unusual punishment in violation of the Eighth Amendment even when the

11

1   inmate does not suffer serious injury.  Hudson, 503 U.S. at 1.  However, Hudson did not clearly

2   establish the right at issue.  Hudson did not concern the throwing of feces or urine.  Although the

3   Supreme Court implied that uses of force that are "repugnant to the conscience of mankind" could

4   violate the Eighth Amendment even when the use of force was de minimis, its discussion of conduct

5   "repugnant to the conscience of mankind" was not necessary to the holding in Hudson and was

6   therefore dicta.

7          In Treats, the Eighth Circuit concluded that qualified immunity was not appropriate at the

8   pleading stage with respect to claims involving a prison official's allegedly excessive use of pepper

9   spray.  The Court is unable to find any authority that has held the act of throwing feces or urine at

10  an inmate violates the Eighth Amendment.  The only cases found by the Court are the two district

11  court cases that concluded that such actions are de minimis uses of force and are not violations of

12  the Eighth Amendment.  In the absence of any precedent holding that Defendants' conduct violates

13  the Eighth Amendment and in light of at least two out of circuit cases suggesting that Defendants'

14  conduct did not violate the Eighth Amendment, the Court finds that the right at issue was not clearly

15  established at the time of Defendants' actions.

16         The Court finds that Defendants are entitled to qualified immunity because the right at issue

17  was not clearly established at the time of the alleged incidents.  Accordingly, the Court will

18  recommend that Plaintiff's claims be dismissed.

19  **IV.    Conclusion and Recommendation**

20         The Court finds that Plaintiff's claims for compensatory damages for his mental and

21  emotional injuries are barred by 42 U.S.C. § 1997e(e).  Plaintiff's state law claims are barred by the

22  applicable statute of limitations.  While the facts alleged by Plaintiff constitute a violation of his

23  Eighth Amendment rights, the Court finds that Defendants are entitled to qualified immunity because

24  the right at issue was not clearly established at the time of their actions.

25         Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion for

26  summary judgment be GRANTED.

27         These Findings and Recommendations are submitted to the United States District Judge

28  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30)

days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    January 31, 2011            /s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE