# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>    Plaintiff,<br><br>  v.<br><br>REED, et. al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:05-cv-00790-LJO-SMS (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUESTS TO FILE AN OPPOSITION "BEYOND TIME"<br><br>(Docs. 51, 53) |

  Plaintiff, Carlos Hendon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action seeking relief under 42 U.S.C. § 1983. This action proceeded on Plaintiff's Second Amended Complaint, filed February 25, 2008, against Defendants Granillo, Lopez, and Brimage for violations of the Eighth Amendment. (Doc. 11.)

  On July 9, 2010, Defendants filed a motion for summary judgment on the issue of excessive force in violation of the Eighth Amendment. (Doc. 36.) Plaintiff's opposition was filed on August 2, 2010. (Doc. 41.) On January 31, 2011, the Magistrate Judge issued findings and recommendations, analyzing Plaintiff's claims under the Eighth Amendment for excessive use of force and recommending that summary judgment be granted based on qualified immunity. (Doc. 42.) No objections to the findings and recommendations were filed.

  On March 23, 2011, the District Judge issued an order vacating that findings and recommendations and referring the matter back to the Magistrate Judge for further proceedings. (Doc. 44.) On April 8, 2011, an order ("the April 8th Order") issued directing Defendants to file

1

a supplemental motion for summary judgment ("Supplemental MSJ") analyzing the action as a violation of the Eighth Amendment for Plaintiff's conditions of confinement.[1] (Doc. 45.) Defendants filed the Supplemental MSJ on May 6, 2011.[2] (Doc. 47.) Plaintiff did not filed an opposition, nor a statement of non-opposition to the Supplemental MSJ.

On June 7, 2011, a findings and recommendation ("F&R") issued recommending granting the Supplemental MSJ -- to which no objections were filed. (Doc. 48.) On July 25, 2011, an order adopting the findings and recommendations issued granting the Supplemental MSJ and closing the case. (Doc. 49.) Judgment was entered that same date. (Doc. 50.)

Nearly four months later, on November 23, 2011, Plaintiff filed a motion requesting leave to file an opposition to the Supplemental MSJ "beyond time" since he did not receive a copy of the April 8th Order. (Doc. 51.) This motion is untimely.

Although Plaintiff represents that he did not receive the April 8th Order, that order did not set a briefing schedule, nor was its receipt a prerequisite for any opposition that Plaintiff might desire to file. Rather, it was receipt of the Supplemental MSJ which triggered Plaintiff's responsibilities to file an opposition[3]; receipt of the F&R granting the Supplemental MSJ that triggered Plaintiff's responsibilities to file objections if he disagreed with its content; and receipt of the order adopting the F&R that triggered Plaintiff's responsibilities to seek reconsideration if he disagreed with its content and case closure.

However, Plaintiff makes no representation as to whether he received the Supplemental MSJ, the F&R granting the Supplemental MSJ, the order adopting the F&R, and/or the judgment entered thereon.

Assuming that Plaintiff did not receive the April 8th Order until November, the intervening filings (the Supplemental MSJ, F&R to grant, order adopting the F&R, and entry of

---

[1] While this order was entered on the CM/ECF docket on April 11, 2011, it is referred to by the date it was signed by Magistrate Judge Sandra M. Snyder -- April 8, 2011.

[2] On May 6, 2011, Defendants also filed a motion to offer an unenumerated Rule 12(b) motion beyond time. (Doc. 46.) Plaintiff filed neither objections, nor an opposition to that motion.

[3] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the second informational order filed May 14, 2009. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (Doc. 20-1.)

judgment) provided Plaintiff with multiple opportunities in which to raise the issue of not having received the April 8th Order and any desire by Plaintiff to oppose the Supplemental MSJ. Plaintiff's receipt, or lack thereof, of the April 8th Order was immaterial.

Plaintiff filed another motion seeking leave to file a "supplemental" opposition again on December 15, 2011 which is properly denied as duplicative.[4] (Doc. 53.)

Accordingly, IT IS HEREBY ORDERED that Plaintiff's "Request to File an Opposition Beyond Time," filed on November 23, 2011 (Doc. 51), is DENIED as untimely and Plaintiff's "Request to File a Supplemental Opposition Beyond Time," filed on December 15, 2011 (Doc. 53), is DENIED as duplicative.

IT IS SO ORDERED.

Dated:   May 21, 2012                          /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff's motion at Doc. 53 is almost a verbatim duplicate of that in Doc. 51.